# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| DAVID D. CROSSETT,<br><br>Plaintiff,<br><br>v.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS,<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 1:24-cv-00205-TC-JCB<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Jared C. Bennett |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court are several motions: (1) pro se Plaintiff David D. Crossett's ("Mr. Crossett") motion to proceed in forma pauperis;[2] (2) Defendant Church of Jesus Christ of Latter-Day Saints' (the "Church") motion to dismiss;[3] (3) Mr. Crossett's first motion for partial summary judgment;[4] (4) Mr. Crossett's second motion for partial summary judgment;[5] (5) Mr. Crossett's motion for extension of time to file supplemental evidence;[6] (6) Mr. Crossett's emergency motion to issue subpoena;[7] (7) Mr. Crossett's emergency motion to expedite his

---

[1] ECF No. 18.

[2] ECF No. 2.

[3] ECF No. 11.

[4] ECF No. 15.

[5] ECF No. 16.

[6] ECF No. 24.

[7] ECF No. 26.

motion to issue subpoena;[8] and (8) Mr. Crossett's motion for status update as to his motion for leave to proceed in forma pauperis.[9] Based upon the following analysis, Mr. Crossett's claim fails as a matter of law. Accordingly, the court recommends granting the Church's motion to dismiss, denying as moot Mr. Crossett's motions, and dismissing this action with prejudice.

## BACKGROUND

Mr. Crossett's complaint asserts a single claim against the Church under Title III of the Americans with Disabilities Act ("ADA").[10] Mr. Crossett's complaint contains the following allegations in support of his claims:

> [Mr. Crossett] resigned from [the] Mormon church on or about 2007. [Mr. Crossett] resigned after rebaptism again in 2011[.] [The] Mormon church assured [Mr. Crossett] both times that his name [would] be removed from all records of [the] Mormon church. [The] Mormon church refused to follow through to remove[] [Mr. Crossett's] name either time to date. [Mr. Crossett] has been humiliated, embarrassed[,] and has received extensive psychiatric services to recover from breach of Mormon churches to remove his name. [Mr. Crossett] has made several legal ADA accommodations requests to remove his name, the Mormon church has refused and ignore[d] any legal accommodations request.[11]

The Church filed a motion to dismiss Mr. Crossett's complaint, asserting that Title III of the ADA does not apply to the Church as a private religious organization.[12] Therefore, the

---

[8] ECF No. 27.

[9] ECF No. 28.

[10] ECF No. 1 at 4. The court liberally construes Mr. Crossett's claim as a Title III claim under the ADA because the complaint mentions a failure to reasonably accommodate. Moreover, on the Civil Cover Sheet attached to his complaint, Mr. Crossett states that his claims are brought under "Title 3." ECF No. 1-1 at 1. Therefore, the court assumes that Mr. Crossett is attempting to plead a Title III claim under the ADA.

[11] ECF No. 1 at 4.

[12] ECF No. 11.

Church argues Mr. Crossett's complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Additionally, Mr. Crossett has filed a series of motions seeking various forms of relief. For example, Mr. Crossett moves to proceed in forma pauperis—after already paying the filing fee in this case—seeks multiple motions for summary judgment, and also seeks to file additional evidence in support of his motions.

## LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[13] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] Courts "accept the well-pleaded facts alleged as true and view them in the light most favorable to the plaintiff."[15] But courts should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements."[16] After disregarding such statements, courts "look to the remaining factual allegations to see whether [the plaintiff] ha[s] stated a plausible claim."[17]

---

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[14] *Id.*

[15] *Matney v. Barrick Gold of N. Am.*, 80 F.4th 1136, 1144 (10th Cir. 2023) (citation omitted).

[16] *Iqbal*, 556 U.S. at 663.

[17] *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).

This court recognizes that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[18] However, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[19] The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[20]

## ANALYSIS

As demonstrated below, Mr. Crossett's claim under Title III of the ADA fails as a matter of law, which requires dismissing this action with prejudice. Because this action should be dismissed, the court also recommends denying Mr. Crossett's motions as moot.

### I. Mr. Crossett's Claim Under Title III of the ADA Fails as a Matter of Law.

Mr. Crossett cannot state a plausible claim for relief under Title III of the ADA because the Church is exempt from Title III's requirements as a religious organization. Title III of the ADA prohibits private entities providing public accommodations from discriminating against individuals "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation."[21] However, Title III of the ADA does not apply to "religious organizations or entities controlled by

---

[18] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[19] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (quotations and citation omitted).

[20] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quotations and citation omitted).

[21] 42 U.S.C. § 12182(a).

religious organizations."²² This exemption irrefutably applies to the Church and its membership processes. Thus, Mr. Crossett's single claim against the Church fails as a matter of law.

Even if Title III of the ADA applied to the Church, Mr. Crossett has not pled sufficient facts showing that he is a person with a disability. To adequately plead a claim under Title III of the ADA, a plaintiff must allege facts that allow a court to plausibly find that:

> (1) [the plaintiff] is disabled within the meaning of the ADA; (2) [the defendant] is a private entity that owns, leases, or operates a place of public accommodation; (3) that [the plaintiff] was deprived of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation; and (4) [the defendant] failed to make reasonable modifications which would accommodate [plaintiff's] disability without fundamentally altering the nature of the public accommodation.²³

Title III of the ADA defines an individual as "disabled" if that individual: "(A) [has] a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) [has] a record of such impairment; or (C) [is] being regarded as having such an impairment."²⁴

Here, Mr. Crossett has not presented any facts in the complaint that plausibly show he is disabled under the ADA. In his complaint, Mr. Crossett alleges only that he has made "several legal ADA accommodations requests to remove his name."²⁵ Moreover, Mr. Crossett has not

---

²² 42 U.S.C. § 12187. *See also Medina v. Catholic Health Initiatives*, 877 F.3d 1213, 1232 (10th Cir. 2017) (acknowledging that § 12187 of the ADA "exempt[s] religious organizations from [Title III's] public accommodation requirements").

²³ *Dahlberg v. Avis Rent A Car Sys., Inc.*, 92 F. Supp. 2d 1091, 1100 (D. Colo. 2000).

²⁴ 42 U.S.C. § 12102(1).

²⁵ ECF No. 1 at 4. In a "Memorandum" filed three months after his complaint, ECF No. 25, Mr. Crossett indicates that he has a "documented 50-year history of disability income from the Social

demonstrated that the Church's alleged failure to remove his name from Church records constitutes a failure to provide a reasonable accommodation to a person with a disability. For purposes of Title III, "discrimination on the basis of a disability" is defined to include

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.[26]

Even if the Church was suable under Title III, the ADA cannot provide the relief Mr. Crossett seeks. The alleged refusal by the Church to remove Mr. Crossett's name from Church records involves religious membership—or lack thereof—not access to services, facilities, or public accommodations. The ADA does not require religious entities to alter how they manage internal membership matters even if a disability is involved. Taken together, Mr. Crossett fails to state a claim under the ADA, which requires dismissal of this action.[27] Additionally, by

---

Security Administration ["(SSA")], indicating his handicap status," and attaches as an exhibit a Benefit Verification Letter from the SSA, ECF No. 25-1. However, Mr. Crossett never amended his complaint to include this information as a record of any impairment. Even if he had, this would not change the Church's exemption from Title III's requirements.

[26] 42 U.S.C. § 12182(b)(2)(A)(ii).

[27] In response to the Church's motion, Mr. Crossett appears to attempt to assert new claims under the Fair Housing Act ("FHA") and "other federal statutes protecting civil rights." ECF No. 14 at 1. However, "[i]t is inappropriate to use a response to a motion to dismiss to essentially raise a new claim for the first time." *Boyer v. Bd. of Cnty. Comm'rs of Johnson Cnty.*, 922 F. Supp. 476, 482 (D. Kan. 1996); *see also Plotner v. Hodge*, No. 17-cv-02584, 2018 WL 2075849, at *4 (D. Colo. Apr. 9, 2018) ("This Court does not consider allegations that are raised for the first time in a response, even by a pro se plaintiff, and [the plaintiff] may not amend his complaint via his Response[]." (second alteration in original) (quotations and citations omitted)). Accordingly, any claims not identified in Mr. Crossett's complaint are not part of this action. To the extent Mr. Crossett's arguments in his response could be construed as a motion to amend his complaint, the

dismissing this action for failure to state a claim for relief, his pending motions should all be denied as moot.

**RECOMMENDATION**

Based upon the foregoing analysis, the court HEREBY RECOMMENDS:

1. The Church's motion to dismiss[28] be GRANTED.

2. Mr. Crossett's motion to proceed in forma pauperis,[29] first motion for partial summary judgment,[30] second motion for partial summary judgment,[31] motion for extension of time to file supplemental evidence,[32] emergency motion to issue subpoena,[33] emergency motion to expedite his motion to issue subpoena,[34] and

---

court should deny that motion too for failure to state a claim. The FHA, among other things, prohibits "discriminat[ion] against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). "To state a plausible claim under the FHA, a plaintiff must allege a causal connection between [his] disability or protected activity and the alleged adverse action." *Morgan v. Carrington Mortg. Servs.*, 719 F. App'x 735, 743 (10th Cir. 2017). Put simply, "the FHA requires accommodations necessary to ensure the disabled receive the same housing opportunities as everybody else." *Cinnamon Hills Youth Crisis Ctr., Inc. v. Saint George City*, 685 F.3d 917, 923 (10th Cir. 2012). Thus, to bring a claim under the FHA, housing must be implicated. Here, Mr. Crossett has not alleged that the Church has ever been involved with his housing, and the membership dispute Mr. Crossett focuses on does not fall within the FHA. Accordingly, to the extent Mr. Crossett raises an FHA claim, it fails.

[28] ECF No. 11.
[29] ECF No. 2.
[30] ECF No. 15.
[31] ECF No. 16.
[32] ECF No. 24.
[33] ECF No. 26.
[34] ECF No. 27.

motion for status update as to his motion for leave to proceed in forma pauperis[35] be DENIED AS MOOT.

3. This action be DISMISSED WITH PREJUDICE.

### NOTICE TO PARTIES

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[36] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[37] Failure to object may constitute waiver of objections upon subsequent review.

IT IS SO ORDERED.

DATED this 17th day of April 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[35] ECF No. 28.

[36] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[37] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).