IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DAVID D. CROSSETT,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS,<br><br>　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER OF DISMISSAL**<br><br>Case No. 1:24-cv-00205-TC-JCB<br><br>Judge Tena Campbell<br>Magistrate Judge Jared C. Bennett |

　　　　The above-captioned matter involves a dispute between Plaintiff David D. Crossett and the Defendant, The Church of Jesus Christ of Latter-day Saints (the Church). On April 17, 2025, United States Magistrate Judge Jared C. Bennett issued a Report & Recommendation (R&R) (ECF No. 30) recommending that the court grant the Church's Motion to Dismiss (ECF No. 11) and deny the other pending motions in this matter as moot. Mr. Crossett filed objections to the R&R on April 19, 2025. (ECF No. 31.) The court has reviewed the matter and the R&R de novo, as required by 28 U.S.C. § 636(b)(1)(C), and finds that Mr. Crossett's objections are meritless. Accordingly, the court adopts Judge Bennett's R&R and dismisses this action.

　　　　In his Complaint (ECF No. 1), Mr. Crossett provides no basis for a federal court to exercise jurisdiction. Although he utilized the court's civil rights complaint form, he does not suggest that the Church is either a state or federal actor. (See id. at 3.) Instead, he makes the following allegations:

> [P]laintiff resigned from Mormon church on or about 2007. [P]laintiff resigned after rebaptism again in 2011[.] Mormon church assured plaintiff both times that his name will be removed from all records of Mormon church. Mormon church

>refused to follow through to remove[] plaintiff[']s name either time to date. [P]laintiff has been humiliated, embarrassed and has received extensive psychiatric services to recover from breach of Mormon churches [sic] to remove his name.  Plaintiff has made several legal ADA accommodations requests to remove his name, the Mormon church has refused and ignore[d] any legal accommodations request[.]

(Id. at 4.)  Mr. Crossett seeks approximately $101 million in actual damages, punitive damages, and legal fees.  (Id. at 5.)

Judge Bennett construed Mr. Crossett's complaint to assert a single claim against the Church under Title III of the Americans with Disabilities Act (ADA).  (ECF No. 30 at 2.)  He then recommended dismissal of that claim because Title III expressly states that its provisions do not apply to "religious organizations or entities controlled by religious organizations, including places of worship."  42 U.S.C. § 12187; see also Medina v. Catholic Health Initiatives, 877 F.3d 1213, 1232 (10th Cir. 2017) (acknowledging that § 12187 of the ADA "exempt[s] religious organizations from [Title III's] public accommodation requirements").  Judge Bennett further noted that Mr. Crossett had not alleged facts in the Complaint establishing that Mr. Crossett was disabled within the meaning of the ADA, and that the ADA does not require religious entities to alter how they manage internal membership matters, even if a disability is involved.  (ECF No. 30 at 5–6.)

Having independently examined the requirements of Title III, the court agrees that the Church is exempted from its provisions.  Moreover, the court fails to see how Mr. Crossett's Complaint, even construed liberally, can be read to state any other cause of action that arises under federal law.  As noted above, the Church is not a state or federal actor.  And to the extent that Mr. Crossett alleges a claim for breach of contract, personal injury, or defamation, these are all causes of action that arise under state law that do not permit the court to exercise jurisdiction under 28 U.S.C. § 1331.

Mr. Crossett does not cite any law that suggests otherwise. Instead, he makes five objections. First, he claims that "[u]pon information and belief, Judge Bennett is a member of the Church of Jesus Christ of Latter-day Saints" and that this affiliation creates a conflict of interest. (ECF No. 31 at 1.) The court finds no evidence of bias, but need not address this argument as it has reviewed the R&R de novo and independently finds that Mr. Crossett fails to establish that this court has subject matter jurisdiction to hear his case.

Second, Mr. Crossett reiterates his contention that the Church failed to provide him with reasonable accommodations under Title III. (Id. at 2.) But Mr. Crossett does not explain why the court may disregard the text of 42 U.S.C. § 12187, which exempts the Church from the provisions of Title III. Mr. Crossett similarly fails to address Judge Bennett's other observations about why Mr. Crossett's Complaint fails to state a claim under Title III. Even assuming that Mr. Crossett could amend his Complaint to demonstrate that he is disabled within the meaning of the statute, he has not shown that Title III requires any disability-related accommodation concerning the Church's internal membership records.

Third, Mr. Crossett maintains that the R&R violates his due process rights because he has not been provided an opportunity to obtain and present key records from the Church. (Id. at 2–3.) But when a federal court finds that it lacks subject matter jurisdiction, it must dismiss the case without providing the plaintiff an opportunity for discovery. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.).

Fourth, Mr. Crossett argues that a dismissal with prejudice "is an extreme sanction that is unwarranted in this case." (Id. at 3.) But the court finds no reason to grant Mr. Crossett leave to amend his Title III claim because, for the reasons stated above, such amendment would be futile.

3

Accordingly, dismissal with prejudice of this claim is appropriate. To the extent that Mr. Crossett believes he may state other claims against the Church, such as claims that arise under state law, the dismissal of his Complaint for lack of subject matter jurisdiction is without prejudice.

Finally, Mr. Crossett has filed a "supplementary clarification" to his objections (ECF No. 31-1), in which he argues that "public courts must ensure access, communication, and engagement for qualified individuals with disabilities." (Id. at 2.) But Mr. Crossett has had an opportunity to respond to the Church's motion to dismiss and a further opportunity to object to Judge Bennett's R&R, and the court has carefully considered Mr. Crossett's arguments. Mr. Crossett provides no explanation about how this court's local rules or the Federal Rules of Civil Procedure have denied him an opportunity to be heard due to his disability.

## ORDER

For the foregoing reasons, the court ORDERS as follows:

1. The court GRANTS the Defendant's Motion to Dismiss. (ECF No. 11.)

2. To the extent that Mr. Crossett asserts a cause of action under Title III of the ADA, that claim is DISMISSED WITH PREJUDICE.

3. To the extent that Mr. Crossett asserts any other claim, the court DISMISSES this action WITHOUT PREJUDICE for lack of subject matter jurisdiction.

DATED this 22nd day of April, 2025.

BY THE COURT:

_Tena Campbell_
Tena Campbell
United States District Judge