IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DAVID D. CROSSETT,<br><br>                   Plaintiff,<br><br>v.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS,<br><br>                   Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO VACATE JUDGMENT**<br><br>Case No. 1:24-cv-00205-TC-JCB<br><br>Judge Tena Campbell<br>Magistrate Judge Jared C. Bennett |

    Plaintiff David D. Crossett moves the court to vacate the final judgment in this action under Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 34.) For the following reasons, the court denies his motion.

    The Tenth Circuit has set forth narrow grounds that warrant granting a motion for relief from a court's final judgment, which include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Alpenglow Botanicals, LLC v. United States, 894 F.3d 1187, 1203 (10th Cir. 2018) (citation omitted).[1]

---

[1] When a party files a motion asking a court to vacate its judgment within 28 days from the date the judgment issued, the court generally considers that request as a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure. But the distinction between motions filed under Rule 59(e) and Rule 60(b) does not affect the court's analysis of Mr. Crossett's motion, as the Tenth Circuit utilizes similar standards to consider motions under both rules. See Alpenglow Botanicals, LLC v. United States, 894 F.3d 1187, 1203 (10th Cir. 2018) (applying the factors listed above in a motion for reconsideration brought under Rule 59(e));

1

Mr. Crossett cites no change in the controlling law or new evidence, but instead argues that the court has denied him his right to due process under the Fifth Amendment.

First, Mr. Crossett maintains that his case was inappropriately reassigned to a District Judge without notice. But this reassignment occurred on February 5, 2025, after the parties declined to consent to the jurisdiction of a Magistrate Judge under 28 U.S.C. § 636(c). (See ECF No. 18.) The case was randomly assigned to the undersigned District Judge and the pending motions were referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). After Judge Bennett issued his Report and Recommendation recommending dismissal (R&R, ECF No. 30), the court allowed Mr. Crossett time to file objections as provided under 28 U.S.C. § 636(b)(1)(C). The court then independently reviewed the R&R and the objections and agreed with Judge Bennett that the court lacked jurisdiction to hear the claims asserted by Mr. Crossett. (Order, Apr. 22, 2025, ECF No. 32.) Accordingly, there were no procedural irregularities in this matter.

Mr. Crossett also argues that he raised "legitimate concerns regarding judicial impartiality" in his objections. (ECF No. 34 at 1.) But the court has already responded to this argument as follows:

> [Mr. Crossett] claims that "[u]pon information and belief, Judge Bennett is a member of the Church of Jesus Christ of Latter-day Saints" and that this affiliation creates a conflict of interest. (ECF No. 31 at 1.) The court finds no evidence of bias, but need not address this argument as it has reviewed the R&R de novo and independently finds that Mr. Crossett fails to establish that this court has subject matter jurisdiction to hear his case.

---

Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (applying the same factors in a motion for reconsideration brought under Rule 60(b)).

(ECF No. 32 at 3.)  Mr. Crossett presents no additional evidence of bias other than a reference to the age of the undersigned judge (see ECF No. 34 at 1), an observation that is irrelevant to the court's impartiality.

Finally, Mr. Crossett suggests that the undersigned judge's prompt dismissal of his action raises due process concerns.  But the court did not need additional time to consider Mr. Crossett's objections, as he failed to cite to any legal authority suggesting that the court had jurisdiction to hear his claims.  In his motion to vacate the court's judgment, Mr. Crossett similarly fails to address the central reason why the court must dismiss his action—namely, because he has made no claims against the Defendant over which this court has jurisdiction.

## ORDER

Accordingly, the court DENIES Mr. Crossett's motion to vacate the court's judgment.

DATED this 28th day of April, 2025.

BY THE COURT:

_Tena Campbell_
Tena Campbell
United States District Judge